**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Flexport International, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Grupo PGL Mexico S.A.P.I. de C.V.,<br><br>Defendant. | Civil Action No. 1:24-cv-11327-LTS<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Demand for a Jury Trial** |

Plaintiff, Flexport International, LLC, as and for its Complaint against Defendant, Grupo PGL Mexico S.A.P.I. de C.V., states and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under 49 U.S.C. § 14706, a law of the United States, and pursuant to 28 U.S.C. § 1337 because this action involves the liability of a motor carrier under 49 U.S.C. § 14706, an Act of Congress regulating commerce, and the amount in controversy exceeds $10,000, exclusive of interest and costs.

2. The Court has supplemental jurisdiction over this matter under 28 U.S.C. § 1367 because any state law claims are so related to the federal claim that they form part of the same case or controversy.

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 and the governing law clause in the Service Provider Agency Agreement, dated January 11, 2018, between the Parties.

## PARTIES

4. Plaintiff Flexport International, LLC is a limited liability company located, organized, and existing pursuant to the laws of the State of California, with its principal place of business located at 760 Market St., Floor 9, San Francisco, CA 94102.

5. Upon information and belief, Defendant Grupo PGL Mexico S.A.P.I. de C.V. is a company located at Argentina 205-1, Parque Industrial Martel, Santa Catarina, C.P. 66367, Nuevo León, Mexico.

6. Upon information and belief, Defendant Grupo PGL Mexico S.A.P.I. de C.V. is also known as Pak2Go Logistics.

7. Unless otherwise specifically stated herein, a reference to "Pak2Go" shall mean Defendant Grupo PGL Mexico S.A.P.I. de C.V.

## STATEMENT OF FACTS

8. On January 11, 2018, Pak2Go entered into a Service Provider Agency Agreement with Plaintiff for the purpose of handling and executing import and export shipments via air, ocean, and surface shipments to serve each other's clientele.

9. On September 23, 2022, Plaintiff's customer placed a delivery order with Plaintiff to deliver cargo from Tlajomulco de Zúñiga, Jalisco, Mexico to Methuen, Massachusetts.

10. The subject cargo consisted of numerous cartons of electric milk extractor pumps (the "Cargo").

11. Upon information and belief, Pak2Go acted as the freight forwarder in this matter, and Flexport brokered the Cargo to Pak2Go.

12. The Cargo was in good condition when it departed Tlajomulco de Zúñiga, Jalisco, Mexico, on or around August 19, 2022.

13. The Cargo was received in good condition when it arrived in Laredo, Texas, on or around September 23, 2022. Attached as **Exhibit A** is a true and accurate copy of this Delivery Order.

14. The Cargo was in good condition when it departed Laredo, Texas.

15. On or about September 26, 2022, the Cargo arrived in Methuen, Massachusetts, in a damaged condition.

16. Upon arrival, the Cargo was documented on the Bill of Lading to be damaged, which stated that "10 of 23 skids are wet!" Attached as **Exhibit B** is a true and accurate copy of the Bill of Lading.

17. The Cargo may have been damaged as a result of failed waterproofing.

18. As a result, the Cargo has been damaged in an amount of $131,970.00.

19. On June 13, 2023, in accordance with 49 U.S.C. § 14706(e)(1), Plaintiff provided written notice of the cargo claim with Pak2Go and demanded payment accordingly. Attached as **Exhibit C** is a true and accurate copy of the June 13, 2023, correspondence demanding payment.

20. Pak2Go failed to acknowledge Plaintiff's claim as required by 49 C.F.R. § 370.5.

21. Pak2Go failed to decline, pay, or offer a written settlement compromise for the claim as required by 49 C.F.R. § 370.9.

22. Again, on February 28, 2024, Plaintiff provided an additional written notice of the cargo claim to Pak2Go and demanded payment accordingly. Attached as **Exhibit D** is a true and accurate copy of the February 28, 2024, correspondence demanding payment.

23. Pak2Go failed to respond to Plaintiff's February 28, 2024 correspondence.

**COUNT I: 49 U.S.C. § 14706 - *The Carmack Amendment***

24. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

25. The Carmack Amendment, codified at 49 U.S.C. § 14706, imposes liability on a carrier for all losses relating to goods it transports in interstate commerce.

26. By reason of the foregoing, as well as the relevant representations, the contract of carriage, and course of conduct, Defendant constitutes a carrier and/or forwarder and or freight forwarder within the meaning of the Carmack Amendment, and materially deviated from and breached its duties and obligations under that law and/or under the contract of carriage and/or other applicable contracts or law.

27. Defendant, on its own or through contractors and agents, took physical possession of the Cargo, which was then in good order and condition.

28. The Cargo was damaged while in the physical possession of Defendant, or its agents, servants, and/or contractors.

29. After Defendant's possession of the Cargo, the Cargo was received by Plaintiff's customer in a damaged condition.

30. By reason of the foregoing, Defendant is liable to Plaintiff, and to others on whose behalf Plaintiff brings this action, for damages under the Carmack Amendment in the amount of $131,970.00, with interest from the date that the shipment was delivered.

**COUNT II: Breach of Bailment Claim**

31. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

32. Defendant, acting on its own accord, or through its contractors, agents, servants, or sub-bailees, were acting as bailee of the Cargo at the time it was damaged.

33. Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to properly safeguard, care for, and deliver the Cargo in the same condition as when entrusted to it and to perform its services as bailee, or to ensure that those services were performed, with reasonable care and in a non-negligent and properly secure manner.

34. Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Cargo in the same good order and condition as it was received by it.

35. By reason of the foregoing, Defendant has caused damage to Plaintiff, and to others on whose behalf Plaintiff brings this action, in an amount that will be proven at trial.

## COUNT III: Negligence

36. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

37. Defendant had a duty to exercise due care to secure, protect, and timely deliver the Cargo to Plaintiff, or its designee, in the same good order and condition as when it was received.

38. Defendant had a duty to exercise due care to properly maintain, operate, and load its equipment, including the truck which transported the Cargo.

39. Through its negligence, gross negligence, recklessness, breaches of duty, acts, omissions, and failure to exercise the requisite standard of care, Defendant proximately caused damage to the Cargo and failed to deliver the Cargo to Plaintiff or its designees in the same good order and condition as it was received by it.

40. By reason of the foregoing, Defendant has proximately caused damage, loss, and expense to Plaintiff, and to others on whose behalf Plaintiff brings this action, in an amount to be proven at trial.

41. By reason of the foregoing, Defendant is liable to Plaintiff, and to others on whose behalf Plaintiff brings this action, for such damages as will be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment as follows:

1. For an award of damages in an amount of $131,970.00, exclusive of interest and costs;

2. For an award of incidental and consequential damages, including reasonable attorney's fees;

3. For pre- and post-judgment interest;

4. For all expenses, and costs and disbursements, as allowed by law;

5. Such other and further relief the Court deems just and equitable.

Respectfully submitted,

Plaintiff,
Flexport International, LLC,
By and through its Attorney:

Nicole L. Andrescavage

Nicole L. Andrescavage, Esq.
BBO No. 705093
BLUE ANCHOR LEGAL & CONSULTING LLC
2155 Diamond Hill Road, 2L
Cumberland, RI 02864
Tel.: 401.213.5616
Nicole.Andrescavage@blueanchorlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, a copy of the foregoing was filed through the CM/ECF system, and it is available for viewing and downloading from the CM/ECF system such that all appearing counsel have been served with this document by electronic means.

Nicole L. Andrescavage

Nicole L. Andrescavage, Esq.